*Return*     SB 8/7

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

LCW/Tammy G - legal dept

| | |
|---|---|
| **Judge or Division:** STANLEY JAMES WALLACH  7/17  0840 | **Case Number:** 20SL-CC03461 |
| **Plaintiff/Petitioner:** QUINNDALE JERNIGAN | **Plaintiff's/Petitioner's Attorney/Address** RICHARD J MAGEE  200 SOUTH HANLEY ROAD  SUITE 500  CLAYTON, MO  63105 |
| vs. | |
| **Defendant/Respondent:** SCHNUCK MARKET, INC. | **Court Address:** ST LOUIS COUNTY COURT BUILDING  105 SOUTH CENTRAL AVENUE  CLAYTON, MO  63105 |
| **Nature of Suit:** CC Other Miscellaneous Actions | |

**SHERIFF FEE PAID**

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: SCHNUCK MARKET, INC.
Alias:

R/A: MARY MOORKAMP
11420 LACKLAND RD.
ST. LOUIS, MO  63146

10 HOFFK



**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

08-JUL-2020
Date                                                                                           Clerk

Further Information:
LES

JUL 15 2020

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Tammy Gibbs (name) legal dept. (title).
☐ other _____
Served at 11420 Lackland Rd. St. Louis, MO 63146 (address)
in St. Louis (County/City of St. Louis), MO, on 7/17/20 (date) at 0840 (time).

Karen Weele                                              Deputy K Weele
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                         Date                                              Notary Public

7/15/20



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: STANLEY JAMES WALLACH | Case Number: 20SL-CC03461 |
|---|---|
| Plaintiff/Petitioner: QUINNDALE JERNIGAN | Plaintiff's/Petitioner's Attorney/Address RICHARD J MAGEE 200 SOUTH HANLEY ROAD SUITE 500 CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent: SCHNUCK MARKET, INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Other Miscellaneous Actions | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: SCHNUCK MARKET, INC.
Alias:
R/A: MARY MOORKAMP
11420 LACKLAND RD.
ST. LOUIS, MO 63146

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

08-JUL-2020
Date                                                                                     _____ Clerk

Further Information:
LES

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)     My commission expires: _____          _____
                                           Date                                              Notary Public

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 20-SMCC-6080      1      (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**
Summons $ _____
Non Est $ _____
Sheriff's Deputy Salary
Supplemental Surcharge $ __10.00_____
Mileage $ _____ ( _____ miles @ $. _____ per mile)
**Total** $ _____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 20-SMCC-6080     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 20-SMCC-6080    4    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

QUINNDALE JERNIGAN )
)
       Plaintiff, )
)
v. ) Cause No.
)
SCHNUCK MARKETS, INC. ) Division No.
Serve registered agent: )
Mary Moorkamp )
11420 Lackland Rd. )
St. Louis, MO 63146-6928 )
)
)
) Jury Trial Demanded
       Defendant )

**PETITION FOR DAMAGES FOR VIOLATION OF 42 U.S.C. SECTION 1981**

COMES NOW Plaintiff, and for his cause of action against Defendant hereby states and alleges as follows:

**PARTIES**

1. Plaintiff is an African American individual and a resident of the State of Missouri.

2. Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri. Defendant operates several grocery stores in the St. Louis region.

**JURISDICTION and VENUE**

3. This Court has jurisdiction of this matter as state and federal courts have concurrent jurisdiction over claims brought under 42 U.S.C. 1981.

4. Venue is proper in this Court in that a substantial part of the events or omissions giving rise to the claim occurred in St. Louis County

5. This action is brought pursuant to 42 U.S.C. Section 1981 for race discrimination

1

in employment.

## FACTS

6. In May, 2012, Plaintiff was hired by Defendant as a bagger, and subsequently became a checker.

7. Plaintiff is an African American.

8. On March 26, 2015, Plaintiff was terminated by Defendant from his position as a checker at Defendant's Hampton Village store.

9. That on March 27, 2015, Plaintiff grieved the termination. An arbitration was had regarding whether the termination was for good cause.

10. The arbitrator determined that the termination was not for good cause and ordered Plaintiff reinstated with back pay.

11. As a result of the Arbitrator's award, Plaintiff returned to work and was assigned to Defendant's Cool Valley store as a checker on or about June 1, 2016. At all times relevant hereto, Plaintiff was qualified to perform the job of checker.

12. Plaintiff was discharged from his employment with Defendant for a second time on July 1, 2016.

13. Plaintiff was discharged on July 1, 2016 for drinking water while working as a checker.

14. Plaintiff needed to drink water and stay hydrated per the orders of Jeffrey Stark, D.C. who was treating Plaintiff for certain non-work- related injuries.

15. By letter dated June 28, 2016, Jeffrey Stark, D.C. wrote as follows: "This is to certify that Quinndale Jernigan is under my care. Please allow him to drink water and stay hydrated."

16. Plaintiff obtained said letter from Jeffrey Stark, D.C. at the instance of

management who told Plaintiff that he needed to provide a Doctor's note confirming his need to drink water on the job.

17. Plaintiff provided Defendant with a copy of said letter on or about the date of said letter. Despite providing the requested letter, Plaintiff was discharged from his employment on July 1, 2020.

18. Other similarly situated checkers at Defendant's Cool Valley store were allowed to eat and drink liquids while performing their jobs as checkers. The race of said similarly situated checkers was Caucasian. These similarly situated checkers ate and drank while performing their jobs as checkers and did so with the knowledge of management, without any interference from management. The similarly situated Caucasian checkers did not receive any discipline for eating and drinking while on the job.

19. Since Plaintiff was discharged for drinking water on the job and the Caucasian checkers were not disciplined for engaging in the same conduct, Plaintiff was treated less well than similarly situated Caucasian checkers, and said inferior treatment was motivated by Plaintiff's race.

**VIOLATION OF 42 U.S.C. SECTION 1981**

20. 42 U.S.C. Section 1981 provides African Americans have the same rights to make and enforce contracts as white citizens. The right to make and enforce contracts includes the same rights to employments as are enjoyed by white citizens. These rights are protected against impairment by nongovernmental discrimination. Therefore, the section applies to Plaintiff's employment with Defendant

21. That Plaintiff's race was a motivating factor in the decision to terminate his

employment in that he was discharged from his employment for drinking water while on the job while similarly situated white employees ate and drank while on the job without consequence.

22. That as a result of Defendant's wrongful termination of Plaintiff because of Plaintiff's race in violation of 42 U.S.C. Section 1981 Plaintiff has sustained actual damages in the form of lost wages and benefits, and compensatory damages for embarrassment, humiliation, loss of dignity and garden variety emotional distress.

23. That Defendant's wrongful discharge of Plaintiff was done willfully, wantonly and in total disregard of Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages in order to deter future unlawful conduct.

24. That as a direct result of Defendant's wrongful conduct, Plaintiff has incurred and will continue to incur attorney's fees and other costs of litigation and is entitled to be compensated for said fees and costs pursuant 42 U.S.C. Section 1981.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual and compensatory damages in an amount that is fair and reasonable and in excess of $25,000.00 (the amount is stated only to invoke the jurisdiction of the Circuit Court), for punitive damages, for reasonable attorney's fee, for an injunction ordering that Plaintiff be reinstated to his position with Defendant, with back pay and benefits, or, in the alternative, front pay, for his costs expended herein and for such other and further orders as this Honorable Court shall deem just and proper.

Electronically Filed - St Louis County - July 01, 2020 - 02:13 PM

Electronically Filed - St Louis County - July 01, 2020 - 02:13 PM

MAGEE LAW FIRM, LLC

/s/Richard J. Magee
Richard J. Magee (#29943)
Attorney for Plaintiff
200 S. Hanley Rd. Suite 500
St. Louis, Missouri 63105
P: 314-960-3224
F: 314-480-7000
Rmageelawyer@gmail.com

I certify and attest that the above is a true copy of the original record of the Court in case number 20SL-CC03461 as it appears on file in my office.

Issued 8/10/20

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By _Mary Mason_
Deputy Clerk

CCOPR36    Rev. 06/00