UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINNDALE JERNIGAN, | ) |
|     Plaintiff, | ) |
| v. | ) Cause No:   4:20-cv-01075-JCH |
| SCHNUCK MARKETS, INC. | ) JURY TRIAL DEMANDED |
|     Defendant. | ) |

**STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Schnuck Markets, Inc. (hereinafter "SMI") submits the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment:

1. Plaintiff Quinndale Jernigan is African American. (Doc 4, Petition, ¶7)

2. Plaintiff began his employment with SMI in 2012 when he was hired as a bagger at SMI's South City location. (Deposition of Plaintiff ("Pl. Dep.") p. 41, relevant pages attached hereto as Exhibit A).

3. When Plaintiff began his employment with SMI, he was provided an employee handbook outlining various company policies. (Pl. Dep. 57-58).

4. SMI maintains a policy prohibiting its employees from consuming food or drink in production and check lane areas. (Pl. Dep. 127-129; 2014 Handbook Excerpt, attached hereto as Exhibit B; 2016 Handbook Excerpt, attached hereto as Exhibit C).

5. A few months into his employment, Plaintiff began working as a checker. (Pl. Dep. 41).

6. In 2014, Plaintiff transferred from SMI's South City location to SMI's Hampton Village Location where he continued working as a checker. (Pl. Dep. 43-44).

7. After being terminated and subsequently returned to work through a labor arbitration, Plaintiff began working at SMI's Cool Valley location as a checker beginning in June 2016. (Pl. Dep. 75-76).

8. Keith Brown, an African American male, was the manager at the Cool Valley store. (Pl. Dep. 75, 95).

9. Marvin Johnson, another African American employee of SMI, performed manager on duty shifts at SMI's Cool Valley store in 2016. (Pl. Dep. 129; Affidavit of Marvin Johnson, attached hereto as Exhibit D).

10. Mr. Johnson never treated Plaintiff unfairly because of his race. (Pl. Dep. 129).

11. In June of 2016, Mr. Johnson had a conversation with Plaintiff in which Mr. Johnson informed Plaintiff that he was not permitted to drink water at his cash register. (Pl. Dep. 130-132; Exhibit D).

12. On July 1, 2016, Mr. Johnson again informed Plaintiff that he could not drink water at the cash register. (Pl. Dep. 149-151; Plaintiff Statement, attached hereto as Exhibit E; Exhibit D).

13. Plaintiff presented a doctor's note indicating simply that he needed to remain hydrated. (Pl. Dep. 185; Doctor's Note, attached hereto as Exhibit F).

14. Mr. Johnson did not tell the Plaintiff's he could never drink water anywhere in the store while at work; rather, Mr. Johnson told Plaintiff that he could not drink water at the cash register so he would need to store his water elsewhere. (Pl. Dep. 189).

15. Mr. Johnson informed Plaintiff that if he did not take his water away and place it in the employee break area, the Plaintiff's employment would be terminated. (Pl. Dep. 162-164; Exhibit D).

16. Plaintiff did not put take the water bottle away in response to Mr. Johnson's direct instruction. (Pl. Dep. 165; Exhibit D).

17. On July 1, 2016, Plaintiff's was discharged for insubordination. (Exhibit D)

18. Plaintiff indicated during his deposition that all checkers, including African American checkers, at Cool Valley and all other stores throughout the company, were permitted to drink water while at cash registers. (Pl. Dep. 158-159).

19. SMI maintains policies prohibiting discrimination and harassment in its workplaces, and provides avenues for employees to report incidences of discrimination or harassment. (Pl. Dep. 58-62; 2014 Handbook Excerpt 2, attached as Exhibit G; 2016 Handbook Excerpt 2, attached as Exhibit H).

20. At no time during his employment did Plaintiff report any harassment or discrimination to SMI. (Pl. Dep. 61-62).

21. No employee of SMI ever told Plaintiff that he was being terminated because of his race. (Pl. Dep. 221)

22. Plaintiff testified that his claim for racial discrimination is tied to the race-based motivations of a SMI employee, Christine Bonaldi. (Pl. Dep. 245).

23. Ms. Bonaldi, a Center Store Lead, witnessed the conversation between Mr. Johnson and Plaintiff, but was not involved in any termination decisions or conversations relating to Plaintiff. (Affidavit of Christine Bonaldi, attached as Exhibit I).

24. In her role as a department manager, Ms. Bonaldi had no ability to make termination decisions regarding Plaintiff or any other employee of SMI. (Exhibit I).

25. Plaintiff filed a grievance with his union, United Food and Commercial Workers Local 655, which the union denied. (Pl. Dep. 224-225).

26. During the grievance process, Plaintiff never complained to his union about racial discrimination. (Pl. Dep. 225-226).

>Respectfully submitted,
>
>By:  */s/ Audrie R. Howard*
>Audrie R. Howard, #69144
>Ryan C. Turnage, #61831
>Schnuck Markets, Inc.
>11420 Lackland Road
>St. Louis, MO  63146
>  (314) 994-4752 – Telephone
>  (314) 994-4412 – Facsimile
>Email: ahoward2@Schnucks.com
>Email:  RCTurnage@Schnucks.com
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF Filing system, which provided electronic service upon all counsel of record on June 11, 2021:

>By:  */s/  Audrie R. Howard*